FILED

2013 Mar-05 AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MORGAN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER |
| | ) | 2:13-cv-409-LSC |
| BANK OF AMERICA, and Fictitious | ) | |
| Defendants A, B, C, D, E and F | ) | |
| | ) | |
| Defendant. | | |

## <u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING BRIEF THEREOF</u>

Submitted by:

/s/ Keith S. Anderson
Keith S. Anderson
Robert R. Maddox
Michael R. Pennington
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Fax (205) 521-8800
kanderson@babc.com
rmaddox@babc.com
mpennington@babc.com
*Attorneys for Defendant Bank of America, N.A.*

1/2444067.6

# TABLE OF CONTENTS

I. PLAINTIFF'S   COMPLAINT   AND   PREVIOUSLY-DISMISSED COMPLAINT......................................................................................... 1

II. LEGAL STANDARD............................................................................. 4

III. ARGUMENT ........................................................................................ 5

    A.    Plaintiff's Wantonness and Negligence Causes of Action are predicated on the SCRA, and the SCRA claims have been previously dismissed. ......................................................................... 5

    B.    Plaintiff's fraud claim—and any other claim based upon an alleged promise to forebear from the normal consequences of nonpayment--is barred by the Statue of Frauds......................................................... 8

    C.    Plaintiff Has Not Pleaded Any Facts Plausibly Demonstrating Reasonable Reliance........................................................................ 12

IV. CONCLUSION AND RELIEF REQUESTED ............................................... 14

1/2444067.6

Defendant Bank of America, N.A. ("BANA" or "Defendant") respectfully moves this Court to dismiss Plaintiff Morgan Murphy's ("Plaintiff" or "Murphy") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As set out below, this Court has previously found that Plaintiff has no viable cause of action under the Servicemembers' Civil Relief Act, 50 U.S.C.Appx. § 501 – 596 ("SCRA"), and Plaintiff's wantonness and negligence causes of action are explicitly premised upon the same alleged duty that this Court has already found does not exist under the SCRA. Further, Plaintiff's fraud claim is due to be dismissed as well.

### I.    PLAINTIFF'S COMPLAINT AND PREVIOUSLY-DISMISSED COMPLAINT

1.    Plaintiff originated a fixed interest rate loan on June 26, 2009, in the amount of $417,000.00.

2.    BANA acts as the loan servicer on the subject loan.

3.    On July 23, 2012, Plaintiff filed a Complaint and Request for Injunctive Relief against BANA in the Northern District of Alabama, under Civil Action No. 2:12-cv-2520-VEH. Plaintiff's Complaint asserted causes of action for violation of § 518 and § 527 of the SCRA, and an additional claim for violation of Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (Case No. 2:12-cv-2520-VEH, doc. 1; hereinafter referred to "First Complaint").

1

4.     On August 15, 2012, BANA filed a Motion to Dismiss Plaintiff's First Complaint pursuant to Fed. R. Civ. P. 12(b)(6).   (Case No. 2:12-cv-2520-VEH, doc. 11).

5.     On November 28, 2012, this Court (Hopkins, J.) dismissed Plaintiff's Complaint, finding as a matter of law that the SCRA provisions alleged in the complaint were not violated.   (Case No. 2:12-cv-2520-VEH, doc. 18) (a copy submitted herewith as Exhibit A).  The Court's dismissal set out that the action was dismissed "without prejudice," but also stated that each of the Counts actually pleaded were simply "dismissed."

6.     On December 28, 2012, Plaintiff filed a Notice of Appeal that he intended to appeal the Court's decision to the Eleventh Circuit. (Case No. 2:12-cv-2520-VEH, doc. 20).   The appeal was in the Eleventh Circuit under Appeal Number 13-10009-BB, but Plaintiff dismissed the appeal on March 4, 2013.

7.     On January 30, 2013, Plaintiff filed a separate, second Complaint in the Circuit Court of Jefferson County, Alabama, against Bank of America, under Civil Action No. CV-2013-900358 (hereinafter "Second Complaint").   Defendant timely removed the Plaintiff's Second Complaint on February 28, 2013.  (Doc. 1).

1/2444067.6

8.    Plaintiff's Second Complaint is largely a copy of his First Complaint,[1] and discusses the same alleged requirements of the SCRA at length.

9.    The Second Complaint, however, purports to turn those same alleged (but nonexistent) duties allegedly imposed by the SCRA into state law causes of action for Fraud, Willfulness and Wantonness, and Negligence.  For example, the very first sentence of paragraph 1 of the Second Complaint, which is incorporated into every cause of action in the Complaint, alleges as follows: "The Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C.App. § § 501-596 was enacted to protect those men and women who serve in the United States military from the financial consequences attendant to departure from their jobs and homes to be on active duty."  In paragraph 5 of the Complaint, also explicitly incorporated by reference into each cause of action in the Complaint, plaintiff alleges, *inter alia*, that "BOA has failed, either fraudulently, negligently or willfully, to comply with the SCRA, depriving Mr. Murphy of clearly established rights. BOA has made adverse reports relating to the creditworthiness of Mr. Murphy, threatened foreclosure and engaged in other activities contrary to the clear mandate of the Act."  The allegation that BOA violated the SCRA by submitting adverse credit reports regarding Mr. Murphy's delinquency is directly contrary to this Court's ruling in the just-dismissed action. (*See* Ex. A at 10).

---

[1]  A review of Plaintiff's Second Complaint reveals that most of the paragraphs in the "Introduction" and "Facts" sections are verbatim copies of the First Complaint.

10.    Similarly, the "Willfulness and Wantonness" cause of action specifically alleges: "BOA's conduct in dealing with Mr. Murphy, his loan modification requests, correction of his credit score, the status of his loan and the protections provided to him under the SCRA constitutes willful and wanton behavior." (Compl., ¶ 49).

11.    Likewise, Plaintiff's Negligence cause of action alleges "BOA owed Mr. Murphy a duty to know the requirements for him to receive protection from adverse credit reporting, obtaining a loan modification, avoiding foreclosure and complying with the SCRA." (Compl, ¶ 52).

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. A court "considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should

4

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint must nudge claims "across the line from conceivable to plausible." *Id.* at 1950-51. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Dismissal is warranted if a complaint lacks a sufficient allegation regarding an element necessary to obtain relief. *See Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996).

## III.   ARGUMENT

### A.   Plaintiff's Wantonness and Negligence Causes of Action are predicated on the SCRA, and the SCRA claims have been previously dismissed

Plaintiff's Second Complaint attempts to circumvent this Court's previous ruling and bring state law claims premised upon duties allegedly imposed by the previously-dismissed SCRA claims. This Court previously determined that the SCRA does not prohibit adverse reporting of a servicemember's delinquency even when the delinquency occurs while the servicemember is on active duty, and therefore Plaintiff's prior Complaint did not allege a plausible violation of § 518 or § 527 of the SCRA. (Case No. 2:12-cv-2520-VEH, doc. 18, pp. 10, 13). Now, in Plaintiff's Second Complaint, he attempts to use the very same supposed federal duties under the SCRA—i.e., the duty to refrain from adverse credit reporting-- as

5

the basis for state law tort claims, claiming that breach of those supposed federal duties constitutes negligence and wantonness. Because this Court has already ruled that there are no such federal duties, the state law claims fail as a matter of law. Plaintiff's Second Complaint is saturated in allegations related to the SCRA that ignore this Court's prior ruling. Indeed, the first five paragraphs of the Second Complaint make the SCRA "front and center" in Plaintiff's allegations, with the concluding statement: "BOA has failed, either fraudulently, negligently or willfully, *to comply with the SCRA*, depriving Mr. Murphy of clearly established rights. BOA has made adverse reports relating to the creditworthiness of Mr. Murphy, threatened foreclosure and engaged in other activities contrary to the clear mandate of [the SCRA] and Alabama law."   (Compl., ¶ 5) (emphasis added). Plaintiff leaves no doubt that his Wantonness and Negligence claims are predicated on the SCRA. (*See* Compl., ¶¶ 49, 52).[2]

It is black-letter law that duty and breach of duty are fundamental elements of a wantonness or negligence cause of action in Alabama. *See S.B. v. Saint James School*, 959 So.2d 72, 97 (Ala. 2006); *Thompson v. Mindis Metals, Inc.*, 692 So.2d 805, 807 (Ala. 1997) ("It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty"). Here, Plaintiff predicates each

---

[2] Plaintiff also realleges each and every allegation set forth in the preceding paragraphs in stating its Wantonness and Negligence causes of action – thus, further establishing his reliance on the SCRA as his source of any duty owed. (*See* Compl., ¶¶ 48, 50).

6

of his claims upon a duty supposedly owed on the SCRA even though this Court has already determined that there is no such duty owed under the SCRA. If the duty does not exist, then Plaintiff cannot sustain a Negligence or Wantonness cause of action on the theory that the duty has been breached.

Plaintiff has no other basis or source to allege that there was a duty owed by BANA, as it is well established that Alabama law[3] does not recognize a tort of negligence or wantonness for breach of a duty created by contract nor a cause of action for negligent or wanton mortgage servicing. *Webb v. Ocwen Loan Servicing, LLC*, 2012 WL 5906729, at *7 (S.D. Ala. Nov. 26, 2012) (granting summary judgment because claims of negligence and wantonness claims relating to servicing do not exist); *Forester v. Bank of America, N.A.*, 2012 WL 3206471, at *5 (S.D. Ala., Aug. 7, 2012) (granting summary judgment on negligence and wantonness claims where no duty could be shown); *Fassina v. CitiMortgage, Inc.*, 2012 WL 2577608, at *6-7 (N.D. Ala. July 2, 2012) (granting 12(b)(6) motion to dismiss and stating "[p]laintiff's claim alleging negligent, reckless, and/or wanton mortgage servicing is not valid under Alabama law"); *McClung v. MERS, Inc.*, 2012 WL 1642209, at *8 (N.D. Ala., May 7, 2012) (a loan servicer, as an agent, "could only incur tort liability while servicing a mortgage by causing personal injury or property damage as a result of a breach of the duty of reasonable care.

---

[3] Federal Courts must apply state substantive law. *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009).

7

Pure economic loss … does not suffice"); *Jackson v. Countrywide Home Loans, Inc.*, 2012 WL 777180, at *7 (M.D. Ala. Mar. 7, 2012) (granting 12(b)(6) motion to dismiss, stating "[t]here is no duty owed to the general public to properly service mortgage accounts" and "[i]n sum, because Alabama law does not recognize a cause of action for negligent or wanton mortgage servicing" plaintiff's claims were dismissed); *Blake v. Bank of America, N.A.*, _ F.Supp.2d _, 2012 WL 607976, at *3-4 (M.D. Ala., Feb. 27, 2012).

Plaintiff, thus, has no other avenue for possible negligence or wantonness claims other than to try and generate some duty out of the SCRA.  Such an effort, however, is a clear attempt to circumvent this Court's prior ruling that he has no viable cause of action under the SCRA.  Plaintiff's Complaint should be dismissed with prejudice.

**B.    Plaintiff's fraud claim—and any other claim based upon an alleged promise to forebear from the normal consequences of nonpayment—is barred by the Statue of Frauds**

Plaintiff's claim for fraud is also barred by the Statute of Frauds.  Plaintiff's fraud claim is expressly premised upon allegations of misrepresentations that he would not have to make payments on the loan and would be free of the normal consequences of nonpayment. (*See* Compl.¶ ¶ 36 – 47).  To the extent plaintiff's negligence and wantonness claims may be premised upon such an alleged promise, they too are barred by the Statute of Frauds.  This is because Ala. Code § 8-9-2(7)

8

expressly states that: "Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000" must be in writing to be enforceable.

The fraud allegations made by Plaintiff here are based upon an alleged promise to temporarily forebear repayment of Plaintiff's loan without the usual consequences (see Compl, ¶¶ 36 – 47).   Such promises are required to be in writing to be enforceable under the plain language of Ala. Code § 8-9-2(7). Indeed, in the closely analogous situation of an alleged representation to forbear from instituting a foreclosure sale in the wake of nonpayment, Alabama courts have found that the Statute of Frauds bars relief. *See DeVenney v. Hill*, 918 So.2d 106, 115 (Ala. 2005) (holding that agreement whereby seller of land would forebear collecting $150,000 of purchase price for 30 days in return for additional $50,000 from buyer was void because it was not in writing).   Promises unenforceable by virtue of the Statute of Frauds cannot form the basis of either a contract or a tort claim under Alabama law.   *Holman v. Childersburg Bancorporation, Inc.*, 852 So.2d 691, 699 (Ala. 2002) (holding that when a tort claim turns on an alleged agreement that is unenforceable under the Statute of Frauds, the Statute of Frauds also bars proof of that agreement to support a tort

claim);[4] *DeFriece v. McCorquodale*, 998 So.2d 465, 470 (Ala. 2008) (affirming dismissal regardless of whether alleged misrepresentations are viewed as contractual in nature or simply fraudulent, they are subject to the Statute of Frauds); *Perry v. Federal Nat. Mortg. Ass'n*, 100 So.3d 1090, 1100-01 (Ala. Civ. App. 2012) (affirming summary judgment that a defective-foreclosure defense that is predicated upon an alleged agreement that is unenforceable under the Statute of Frauds defeats the purpose of the Statute of Frauds); *Coleman v. BAC Servicing*, 2012 WL 2362617, at *11 (Ala. Civ. App. June 22, 2012)[5] (affirming summary judgment that when a tort claim centers on an alleged agreement that is unenforceable under the Statute of Frauds, the Statute of Frauds also bars proof of that agreement to support the tort claim); *Branch Banking & Trust Co. v. Gooden Homes, Inc.*, 2011 WL 1257213, at *2 (S.D. Ala. Apr. 4, 2011) ("[t]he statute of frauds bars both breach of contract and tort claims based on oral agreements forbidden by the statute") (citing *Holman*, 852 So.2d at 701); *Mortensen v. Mortgage Electronic Registration Systems*, 2010 WL 5376332, at *6 (S.D. Ala. Dec. 23, 2010) (granting summary judgment on allegations of a promise to modify

---

[4] The *Holman* Court explained: "As a general rule, '[i]f the proof of a promise or contract, void under the statute of frauds, is essential to maintain the action, there may be no recovery.'" *Id.* at 699 (internal citations omitted).

[5] There was a previous related decision in *Coleman v. BAC Servicing*, -- So. 3d --, No. 2100453 (Ala. Civ. App. Feb. 3, 2012). The February 2012 *Coleman* decision was withdrawn by the Court of Appeals and a new decision was substituted on June 22, 2012. In its revised decision, the Court of Civil Appeals reiterated the same holding from its prior February decision with respect to the statute of frauds and its bearing on allegations of a misrepresentation to a borrower.

a loan under the Statue of Frauds); *McClung v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1642209, at *6 (N.D. Ala. May 7, 2012) (granting 12(b)(6) motion because "the court must dismiss any of Plaintiffs' claims relying on Defendants' alleged promise to modify Plaintiffs' Loan because such an agreement must have been memorialized in writing under the Statute of Frauds").

Plaintiff only alleges oral representations regarding forbearance and cannot avoid the Statute of Frauds bar to his fraud claim. To satisfy the Statute of Frauds, a writing memorializing such a modification or forbearance must "state the full terms of the agreement to forbear, the mutuality of the agreement, and the intention of the parties." *Mortensen v. Mortgage Electronic Registration Systems*, 2010 WL 5376332, at *6 (S.D. Ala. Dec. 23, 2010) (quoting *DeVenney*, 918 So.2d at 115). Whether it be Plaintiff's allegation that "he would not have to make a payment on his BOA home mortgage until January 1, 2012" or "that there would be no negative credit reporting until after December 1, 2011" or "that he was protected under the SCRA until September 2012" (Compl., ¶ ¶ 37-38), all relate to an agreement to "delay or forebear repayment [of a loan] or to modify the provisions of such an agreement or commitment" as described in Ala. Code § 8-9-2(7). Because none of the alleged misrepresentations from BANA were in writing and all fall within the umbrella of the Statute of Frauds, Plaintiff's fraud claim is due to be dismissed.

11

1/2444067.6

### C.   Plaintiff Has Not Pleaded Any Facts Plausibly Demonstrating Reasonable Reliance

Plaintiff's fraud allegation is also due to be dismissed because he fails to plead facts plausibly demonstrating reasonable and detrimental reliance on the alleged representations.   A cause of action must plead sufficient factual content that allows the court to draw the reasonable inference of liability for the conduct alleged.   *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not required to be accepted as true by the Court.   *Id.* A claim is facially plausible when the plaintiff pleads sufficient factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged.   *Id.*

Reasonable reliance to one's detriment is a necessary element of every fraud claim: "a party alleging any form of fraud must present evidence of 'reasonable reliance' on the purported fraud." *AstraZeneca LP v. State*, 41 So. 3d 15, 27 (Ala. 2009).[6]   Reasonable reliance is one element, but it has two components: did the plaintiff change his conduct as a result of a representation (*i.e.*, did the plaintiff actually rely), and was the plaintiff's reliance reasonable? *See AstraZeneca*, 41 So. 3d at 28-29; *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004) ("It is a

---

[6] "Alabama law is clear on the basic elements of a prima facie fraud claim: i.e., a plaintiff must demonstrate '(1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence.'" *San Francisco Residence Club, Inc. v. Baswell-Guthrie*, _ F.Supp.2d _, 2012 4339316, at *63 (N.D. Ala. Sept. 13, 2012) (quoting *Allstate Insurance Co. v. Eskridge*, 823 So.2d 1254, 1258 (Ala. 2001)).

fundamental principle of the law of fraud throughout the United States, regardless of the form of relief sought, that in order to secure redress, the representee (person to whom or which the misrepresentation was made) must have relied upon the statement or representation as an inducement to his action or injurious change of position.") (quoting 9 Stuart M. Speiser et al., *The American Law of Torts* § 32:49 (Clark Boardman Callaghan 1992)).

"Reliance requires that the misrepresentation actually induced the injured party to change its course of action." *Exxon Mobil Corp. v. Alabama Dep't of Conservation & Natural Res.*, 986 So. 2d 1093, 1116 (Ala. 2007) (internal quotation marks omitted). "The requirement for action on the part of the plaintiff can be met only if the plaintiff does, or does not do, something that the plaintiff would or would not have done *but for* the misrepresentation of a material fact." *Id.* (emphasis added). Plaintiff must allege and provide factual support of to survive a motion to dismiss on his fraud claim. *See Marquez v. Tyson Foods, Inc.*, 2012 WL 4479125, at *2 (N.D. Ala. Sept. 26, 2012) (dismissing fraud claim where complaint failed to set out reliance).

Plaintiff's Complaint does not and cannot meet this standard as it contains nothing more than the bald allegation: "Mr. Murphy justifiably relied on the representations BOA made to him." (Compl., ¶ 46). There is no allegation or supporting facts to suggest that Mr. Murphy *did anything* or *changed his conduct*

13

in any way that would establish the reliance element. Plaintiff must allege and show some type of change in position, and he has not done so. Without pleading the necessary element of reasonable reliance, Plaintiff's fraud claim cannot survive dismissal.

### IV.   CONCLUSION AND RELIEF REQUESTED

Judgment is due in favor of the Defendant under Fed. R. Civ. P. 12(b)(6) and the Defendant respectfully moves this Court to dismiss Plaintiff's Complaint in its entirety, with prejudice. In the alternative, Defendant seeks a more definite statement as to the claims alleged.

Respectfully submitted this 5th day of March, 2012.

/s/Keith S. Anderson
Michael R. Pennington
Robert R. Maddox
Keith S. Anderson
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Fax (205) 521-8800
mpennington@babc.com
rmaddox@babc.com
kanderson@babc.com

*Attorneys for Defendant Bank of America, N.A.*

14

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Romaine S. Scott, III
Scott & Scott Law, LLC
P.O. Box 1248
Fairhope, AL 36533

Mark L. Rowe
Environmental Litigation Group, P.C.
3529 7th Avenue South
Birmingham, AL 35222

/s/Keith S. Anderson
OF COUNSEL

15

1/2444067.6